CLD-217                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1540
_____

JAMES E. DICKSON,
                                    Appellant

v.

J. WASHABUGH, RHU Captain SCI-Somerset; LT. FOSTER, RHU Lt. from 2–10 PM
SCI-Somerset; C/O SMITH, RHU C.O. 2–10 PM SCI-Somerset;
MAIL ROOM SUPERVISOR NAME UNKNOWN, Mail Room Supervisor SCI-
Somerset; CAPTAIN, of SCI-Somerset

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:24-cv-00012)
Magistrate Judge:  Honorable Keith A. Pesto

_____

Submitted for Determination Under 28 U.S.C. § 1915(e)(2), or for Possible Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 18, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit</u> <u>Judges</u>
(Opinion filed November 14, 2025)
_____
OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pennsylvania inmate James E. Dickson is currently housed at SCI-Houtzdale. Dickson filed a pro se civil rights action primarily claiming that prison officials unlawfully confiscated his mail and legal materials during the time Dickson was locked in a restricted housing unit at SCI-Somerset. The prison officials' conduct allegedly prevented Dickson from securing the Pennsylvania Supreme Court's discretionary review of his numerous criminal convictions.

Presiding by the parties' consent, the Magistrate Judge issued a memorandum order granting the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and denying Dickson's competing motion for summary judgment. The Magistrate Judge observed that most of the requested relief—including an order permitting Dickson to file an allocatur petition with the Pennsylvania Supreme Court— "is beyond the jurisdiction of this court." DC ECF No. 37 at 2. The Magistrate Judge then determined that, among other pleading deficiencies, Dickson largely failed to allege the defendants' involvement in any claimed denial of court access. The Magistrate Judge also determined that Dickson failed to plausibly plead actual injury, see id. at 4 ("In Dickson's entire brief he never rises above conclusory allegations to identify one nonfrivolous claim that he lost [because of the defendants' actions]."), or injury causation, see id. ("[S]ince Dickson never actually sought allowance of appeal *nunc pro tunc* Dickson's complaint is only speculating about any impairment of his right to do so.").

Dickson timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the order granting the defendants' Rule 12(b)(6) motion. See United States ex rel. Bookwalter v. UPMC, 946 F.3d 162, 168 (3d Cir. 2019). "In order to defeat a Rule 12(b)(6) motion, plaintiffs' '[f]actual allegations must be enough to raise a right to relief above the speculative level[.]'" Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (citation omitted). "Thus, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" Id. (citation omitted).

We agree with the Magistrate Judge's decision, for substantially the reasons given in his memorandum order. In particular, we agree with the Magistrate Judge that Dickson failed to adequately plead actual injury and thus did not state a First Amendment access-to-courts claim. Insofar as Dickson claimed that the defendants thwarted his ability to present one or more legal claims to the Pennsylvania Supreme Court, he had to plausibly allege that at least one of those claims was arguable or nonfrivolous. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam); see also id. at 205–06 (internal quotation marks omitted) ("The complaint must describe the underlying arguable claim well enough to show that it is more than mere hope, and it must describe the lost remedy."). Dickson plainly did not do so in his complaint, and his summary judgment motion, while clarifying in some minor respects, was similarly deficient.[1]

---

[1] The Magistrate Judge dismissed Dickson's complaint, with prejudice, without explicitly considering whether it would be appropriate to offer him leave to amend. Cf. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) ("Our

3

Accordingly, we will summarily affirm the judgment below. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).[2]

---

precedent supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."). There is no error, however. Dickson's arguments on appeal about state-law waiver rules and future DNA testing all miss the mark by a wide margin, and they amply demonstrate that allowing Dickson to amend his complaint would have been an exercise in futility. Cf. Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citation omitted) ("The standard for assessing futility is the 'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'").

[2] To the extent that Dickson has moved for summary reversal, see Doc. 12, the motion is denied.